*NOT FOR PUBLICATION*
*NOT POSTED ON WEBSITE*
FILED

JUN -6 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>MICHAEL ALEXANDER DiMANNO and<br>BETH KIMBERLY DiMANNO,<br><br>    Debtors.<br>_____<br><br>MAINSTAY BUSINESS SOLUTIONS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL A. DiMANNO,<br><br>    Defendant.<br>_____ | Case No. 09-48562-E-13L<br><br><br><br><br><br><br>Adv. Proc. No. 10-2198<br>Docket Control No. MDM-7 |

**MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

Michael DiManno, Counter-Claimant, seeks leave to perform jurisdictional discovery to clarify issues presented by Counter-Defendants' motion to dismiss. In their motion to dismiss, Counter-Defendants sought to dismiss the case on the basis of sovereign immunity since Mainstay Business Solutions is a "division" of a Blue Lake Rancheria Economic Development Corporation which is wholly-owned by Blue Lake Rancheria, an Indian Tribe. Through discovery, DiManno is seeks to determining the legal relationship between Mainstay Business Solutions, Blue Lake

Rancheria, and Blue Lake Rancheria Economic Development Corporation. Discovery of these facts are asserted to be necessary to assist the DiManno and the court in determining the validity of the Counter-Defendants' argument that sovereign immunity extends to the corporations and its divisions.

The court may permit discovery to establish jurisdictional facts. *Butcher's Union Local No. 498 v. SDC Inv. Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). A trial court should generally permit jurisdictional discovery if the jurisdictional claim has a reasonable basis and it appears the relevant facts may be discovered. *Siderman de Blake v. Rep. of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992). The court is not obligated to grant discovery, however. The party seeking jurisdictional discovery must have a colorable case for asserting jurisdiction and demonstrates to the court what additional facts would be discovered through limited discovery. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (district court did not abuse its discretion in denying jurisdictional discovery where request was based on little more than a hunch).

In their opposition, Counter-Defendants argue against granting discovery on the basis that DiManno failed to offer anything but a possibility that sovereign immunity would not apply but add that, if discovery is granted, it should be limited to only written discovery. As noted at a recent hearing, confusion does exist as to which Blue Lake organizations are separate legal entities and which are merely "divisions" of a single legal entity.

The Court will not address to which forms discovery should be limited to at this time. DiManno may propound appropriate

2

discovery targeted at the limited scope of this court's jurisdiction in light of Counter-Defendants' assertion of sovereign immunity. If the parties feel that propounded discovery is too broad, they may file an appropriate motion pursuant to Federal Rule of Civil Procedure 26, as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7026. If the parties wish, the Court will make its facilities available for the conduct of reasonable discovery. Moreover, the court will ensure that it is available to quickly resolve any disputes that arise.

Hopefully, the inability of the parties to proceed with basic jurisdictional discovery is not an indication of an unwillingness of either or both parties to prosecute this case. As both parties are aware, the Federal Rules of Civil Procedure give the court ample tools to address improper conduct.

As additional discovery could provide valuable and relevant information to the adversary proceedings at hand, the motion is granted and discovery is allowed for Michael DiManno to determine 1) The legal relation of the Counter-Defendants to each other and 2) The validity and basis of the Counter-Defendants' claim of sovereign immunity.

Dated: June 6, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

Case 10-02198    Filed 06/06/11    Doc 97

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Mark Wolff
8861 Williamson Dr #30
Elk Grove, CA 95624-7920

Beth DiManno
1207 Esplanade Cir
Folsom, CA 95630

Michael DiManno
2407 Q St
Sacramento, CA 95816

Joseph Maloney
660 Auburn Folsom Road, Suite 202
Auburn, CA 95603

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814